UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

ROSE MIRTHA FRANCOIS,
Plaintiff/Petitioner,

v.

CHRISTOPHER LAROSE, Warden of the Otay Mesa Detention Center; GREGORY ARCHAMBEAULT, Director of the San Diego Field Office, United States Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security; TODD BLANCHE, Attorney General, United States Department of Justice; DAVID VENTURELLA, Acting Director of the United States Immigration and Customs Enforcement; and DOES 1-5,
Defendants/Respondents.

Case No.: 3:26-cv-04667-LEK-GC

**ORDER GRANTING IN PART AND DENYING IN PART VERIFIED PETITION FOR WRITS OF HABEAS CORPUS AND IMMEDIATE RELEASE FROM ICE CUSTODY AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Before this Court is Plaintiff/Petitioner Rose Mirtha Francois's ("Petitioner") Verified Petition for Writs of Habeas Corpus and Immediate Release from ICE Custody and Complaint for Declaratory and Injunctive Relief ("Petition"), filed on August 15, 2026. [Dkt. no. 1.] The defendants/respondents, identified in the Petition as Christopher LaRose, Warden of the Otay Mesa Detention Center; Gregory Archambeault, Director of the San Diego Field Office, United States Immigration and Customs Enforcement ("ICE"); Markwayne Mullin, Secretary, United States Department of Homeland Security ("DHS"); Todd Blanche, Attorney General, United States

Department of Justice; and David Venturella, Acting Director of ICE (collectively "Respondents"), filed a response to the Petition ("Response") on August 24, 2026. [Dkt. no. 5.] Petitioner filed a traverse on August 27, 2026. [Dkt. no. 6.]

**BACKGROUND**

Petitioner, a citizen and native of Haiti, entered the United States on January 14, 2022. Two days later, Petitioner was paroled into the United States on order of recognizance. See Petition at ¶¶ 19-20; see also Petition, Exh. 1 (pg. 1 of DHS Notice to Appear, Form I-862, dated 1/16/22 ("Form I-862"));[1] id., Exh. 2 (DHS Notice of Custody Determination, Form I-286, dated 1/16/22 ("Form I-286)).[2] Petitioner is a single mother and has two minor daughters. She asserts that she has no criminal history. [Petition at ¶ 10.] On August 6, 2026, ICE officers detained Petitioner while she was driving to work. See id. at ¶¶ 10, 23. Petitioner asserts that she was provided no notice explaining why she was being detained and that the ICE officers did not present a warrant to her. See id. at ¶¶ 24-25. Prior to her August 6, 2026 detention, Petitioner attended all of her regularly scheduled immigration appointments with ICE and the United States Citizenship and Immigration Services. See id. at ¶ 22. As of the filing of the Petition, Petitioner was detained at the Otay Mesa Detention Center in Otay Mesa, California. See id. at ¶ 31. Petitioner's primary argument is that her re-detention is unlawful, in that it violates: her due process rights, [id. at pgs. 19-22]; and the Immigration and Nationality

---

[1] The exhibits attached to the Petition are not labeled, although the Petition refers to Exhibits 1 through 5. See, e.g., Petition at ¶ 19 (referring to Exhibit 1); id. at ¶ 20 (referring to Exhibits 2 & 3); id. at ¶ 23 (referring to Exhibit 4); id. at ¶ 28 (referring to Exhibit 5); id. at ¶ 32 (referring to Exhibit 6). This Court, having reviewed the Petition and its exhibits, refers to the document at PageID.31 of the Petition as Exhibit 1.

[2] The document at PageID.32 of the Petition is referred to as Exhibit 2. See *supra* Footnote 1.

Act ("INA"), specifically Title 8 United States Code Section 1226(a); see id. at pgs. 23-24. Petitioner alleges she is entitled to, *inter alia*, immediate release. See id. at pg. 26.

Respondents acknowledge that "[o]n July 30, 2026, the Ninth Circuit [Court of Appeals] held and clarified that unadmitted aliens present in the interior of the United States are subject to 8 U.S.C. § 1226 and not subject to 8 U.S.C. § 1225." Response at 1; see also Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026) (holding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)"). Respondents therefore admit that "Petitioner is subject to detention under 8 U.S.C. § 1226(a)." [Response at 1.] Respondents also "acknowledge[] that Petitioner was previously released from immigration custody on conditional parole issued under 8 U.S.C. § 1226(a)." [Id. at 1-2.] While "Respondents do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)," [id.,] they also do not expressly oppose Petitioner's request for immediate release.

**DISCUSSION**

There is no dispute that the discretionary detention procedures of Section 1226(a) govern Petitioner's detention. See Response at 1-2. Accordingly, this Court turns to Petitioner's argument that she is entitled to immediate release.

While Respondents request that this Court decline to address, *inter alia*, Petitioner's due process arguments, see id. at 2 n.1, they do not request that this Court deny Petitioner's request for immediate release. This Court construes Respondents' non-opposition to Petitioner's request for immediate release as a concession that Petitioner's re-detention violates her due process rights.

In Noori v. LaRose, 807 F. Supp. 3d 1146 (S.D. Cal. 2025), this district court ruled that the respondents violated the petitioner's Fifth Amendment due process rights when the respondents revoked the petitioner's parole by sending a mass, generic notification one morning and arresting the petitioner later that day at his immigration

hearing. Id. at 1155, 1166. This district court concluded that the petitioner had "a protectable expectation of his due process rights in his removal proceedings and the fair procedures this country guarantees. . . . Particularly, he was entitled to both notification of revocation and the reasoning for revocation, if not also an opportunity to be heard and contest the determination." Id. at 1165. The district court ordered the petitioner's immediate release. Id. at 1154.[3]

In the instant action, Petitioner received even less due process than the petitioner in Noori. Petitioner received no notification or individualized reason as to why her release on her own recognizance was being revoked before she was summarily detained on August 6, 2026. See Petition at ¶ 24. Nor have Respondents explained, even after they filed the Response, what circumstances have changed to warrant Petitioner's re-detention. Providing Petitioner a bond hearing would not remedy the Fifth Amendment violation she has already experienced. Only release from detention can accomplish that now.[4]

Petitioner has also requested that this Court award her attorney's fees and costs. See Petition at pg. 27. This Court will consider an application requesting reasonable attorney's fees and costs that is filed within thirty days of the entry of judgment. This Court, therefore, denies Petitioner's request for attorney's fees and costs without prejudice.

---

[3] The district court had previously issued a truncated order ordering the petitioner's immediate release. See Noori, 807 F. Supp. 3d at 1154. The 807 F. Supp. 3d 1146 order was issued to "provide[] a fuller legal analysis and legal basis for the September 26, 2025 Order." Id.

[4] In light of this Court's determination that Petitioner is entitled to immediate release, this Court need not address Petitioner's Fourth Amendment claim, [Petition at pgs. 22-23,] her warrantless arrest claim under the INA, [id. at pgs. 24-25,] or her regulatory claims, [id. at pgs. 25-26].

## CONCLUSION

For the foregoing reasons, Plaintiff/Petitioner Rose Mirtha Francois's Verified Petition for Writs of Habeas Corpus and Immediate Release from ICE Custody and Complaint for Declaratory and Injunctive Relief, filed August 15, 2026, is GRANTED IN PART insofar as Respondents are ORDERED to immediately release Petitioner from custody under the same conditions that existed immediately prior to Petitioner's detention on August 6, 2026. Further, Respondents are ENJOINED AND RESTRAINED from re-detaining Petitioner unless Respondents demonstrate, by clear and convincing evidence at a pre-deprivation hearing before a neutral decisionmaker, that Petitioner presents a flight risk or danger to the community such that her physical custody is legally justified. Further, the Petition is DENIED WITHOUT PREJUDICE as to Petitioner's request for attorney's fees and costs.

The parties are ORDERED to file a joint status report by **September 9, 2026**, confirming that Petitioner has been released.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 2, 2026.

/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**ROSE MIRTHA FRANCOIS VS. GHRISTOPHER LAROSE, ETC., ET AL; CASE NO. 3:26-CV-04667-LEK-GC; ORDER GRANTING IN PART AND DENYING IN PART VERIFIED PETITION FOR WRITS OF HABEAS CORPUS AND IMMEDIATE RELEASE FROM ICE CUSTODY AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**